## H. G. McDOWELL v. J. RUSSELL BUTLER, ETC.

**Execution—Interest of Heirs.**

Under the provisions of Act August 25, 1862, Myer's Supp. 420, land in which heirs have a contingent interest may be sold on judgment.

**Descent and Distribution—Sale of Real Estate—Party.**

Under § 2, Act August 23, 1862, Myer's Supp. 420, the fact that the person having the present interest in the land sought to be sold was not a party plaintiff, but defendant, does not invalidate the proceeding.

**Conversion—Sale for Re-investment.**

Where land of an estate is sold for re-investment, it is not absolutely essential to the validity of the sale that the court in its decree prescribe the estate in which the proceeds should be reinvested.

**Conversion—Re-investment of Proceeds.**

In the investment of proceeds of a sale, the wishes of the owner of the present interest in the land should be consulted, but the court will not act to the prejudice of the interests of the remainderman.

**Conversion—Proceeds of Sale—Re-investment.**

Where land is sold for re-investment, the chancellor will hold the proceeds until a suitable investment can be found, and if necessary will appoint a commissioner to find one.

APPEAL FROM FRANKLIN CIRCUIT COURT.

December 12, 1872.

OPINION BY JUDGE LINDSAY:

As there may be a contingent interest in the lands sold under the judgment in the proceeding, in the heirs of the testator, Short, whose right to take depends upon Mrs. Butler dying without children or the descendants of children living at the time of her death—an event which may or may not happen—the sale of the lands is authorized by the provisions of the act of August 23, 1862. Myer's Supplement 420.

The 7th section of that act provides that proceedings for sales of land under it shall be instituted by a person having present interest in the estate sought to be sold, and it is objected that Mrs.

Butler, the only person having present interest in the land sold in this case, was made a party defendant, and that the action was not instituted by her, as it should have been. Whilst it is true Mrs. Butler did not institute the suit, yet she asks for the sale in her answer, and before that pleading was filed she was merely examined by a commissioner appointed for that purpose by the court. Even, however, if this is not a substantial compliance with the first section of the act, it will be observed that the second section authorizes the suit to be instituted by any or all of the persons having a present or vested interest in the estate.

The children of Mrs. Butler are all made parties plaintiff, and whilst the present right to the enjoyment of the estate is in their mother, under their grandfather's will, they hold vested estates in remainder.

From the report of the three commissioners appointed by the court, it sufficiently appears that the interests of all the claimants to the land, present and future, will be subserved by the sale adjudged.

The statute does not prescribe the character of testimony necessary to authorize the court to act, and in an ex parte proceeding like this, the report of the chancellor's sworn commissioners, who for the purposes of their appointment are quasi officers of his court, is the most satisfactory and convincing evidence he can obtain.

It is not absolutely essential to the validity of the sale that the court shall in its decree prescribe the estate in which the proceeds are to be re-invested. The proceeds must be secured for that purpose, which has been done in this case.

The portion which as yet remains uninvested, the chancellor will hold until a suitable investment can be found, and if necessary, he will appoint his commissioner to find one. Of course, the wishes of the party holding the present interest will be consulted in this matter, provided she acts in a reasonable time, and provided further that her wishes and interests can be perfected without prejudicing the interests of the remaindermen.

Perceiving no error in the proceeding for the sale of the realty in question, the order of the court below making absolute the rule requiring the purchaser to pay the bond for purchase money then due is *affirmed.*.

*Hensley, for appellant.*

*James, for appellees.*